UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTHA DANIELS BEY, MARTHA
D. DANIELS, ex rel, and MELKIYAH-EL,

       Petitioners,                         Case No. 14-mc-51040
                                                          HON. GERSHWIN A. DRAIN

vs.

RESURGENT MORTGAGE SERVICING,

       Respondent.
_____/

## ORDER GRANTING MOTION TO QUASH LETTER ROGATORY [#4] AND DISMISSING ACTION

The instant matter was commenced upon Petitioners filing a "Letter Rogatory" seeking documents from Respondent related to a purported mortgage loan and foreclosure of a piece of real property in the City of Belleville, Michigan. Petitioners assert that they have the right to seek these documents pursuant to the "United States Constitution, Treaty of Peace and Friendship (1787), divine law, International Laws of Commerce and Trade, Foreign Relations and Intercourse Title 22, and the Moroccan Empire." *See* Dkt. No. 1 at 1. Presently before the Court is Respondent's Motion to Quash Letter Rogatory, filed on August 26, 2014. Petitioners have failed to file a Response to Respondent's Motion to Quash Letter Rogatory. Because Petitioners have failed to demonstrate any authority to demand any of the documents they seek, the Court will grant Respondent's Motion to Quash and will dismiss this cause of action.

Title 28 U.S.C. § 1782 delineates the requirements for a federal district court to order compliance with a "letter rogatory."

     (a)     The district court of the district in which a person resides or is found may

> order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). A federal district court is authorized to grant the request if the four statutory requirements are established:

> (1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person;' (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing;' (3) the evidence must be 'for use in a proceeding in a foreign or international tribunal;' and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (footnote omitted) (quoting 28 U.S.C. § 1782(a)). If these requirements are met, § 1782 "authorizes, but does not require, a federal district court to provide assistance . . . ." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 255 (2004).

Here, Petitioners' request fails as a matter of law because they cannot demonstrate the existence of a "proceeding in a foreign or international tribunal" to warrant relief under § 1782(a)

relating to a purported mortgage loan and foreclosure of residential property.

Additionally, the All Writs Act does not provide a basis for production of the subject documents. The Act states:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651. The All Writs Act is not an independent source of federal jurisdiction to issue writs, but only authorizes federal courts to issue writs in aid of their jurisdiction. *See Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011) (citation omitted). "The All Writs Act enables federal courts to issue such commands 'as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. Perry*, 360 F.3d 519, 533 (6th Cir. 2004) (quoting *United States v. New York Telephone Co.*, 434 U.S. 159, 172 (1977)). The All Writs Act does not authorize courts "to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Pennsylvania Bureau of Corrections v. United States Marshals Service*, 474 U.S. 34, 43 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.*

In the instant matter, there was no prior federal action between the parties, thus Petitioners have failed to establish the necessity for the Court to issue any commands to prevent the "frustration" of its prior orders in a case over which it had jurisdiction. Thus, the Petitioners cannot show entitlement to relief under the All Writs Act.

Lastly, to the extent Petitioners rely upon the "United States Constitution, Treaty of Peace

and Friendship, divine law, International laws of Commerce and Trade and the Moroccan Empire, they fail to explain how any of these provide a basis for the Court to order production of the requested documents herein.

Accordingly, the Respondent's Motion to Quash the Letter Rogatory [#4] is GRANTED. This matter is dismissed.

SO ORDERED.

Dated: October 30, 2014                    /s/Gershwin A Drain
                                           GERSHWIN A. DRAIN
                                           U.S. DISTRICT JUDGE